IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE 2, | : | |
|     Plaintiff | : | Case No. |
| v. | : | 5:23-cv-216 |
| | : | |
| NORTH CAROLINA STATE UNIVERSITY, | : | |
|     Defendant. | : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## EX PARTE MOTION FOR LEAVE TO PROCEED ANONYMOUSLY
## RULE 10(a)

### Procedural Background

Plaintiff filed the original Complaint [D.E. 1] on April 21, 2023 contemporaneously with an ex parte motion to proceed anonymously [D.E. ___] supported by this memorandum. The Complaint alleges liability under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (1972), for Plaintiff's damages caused by Defendant's actions and inactions.

### Argument

Pseudonyms are appropriate pursuant to the Fourth Circuit's *Doe v. Pub. Citizen* decision that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in

1

judicial proceedings, including the use of a pseudonym." *Doe v. Pub Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

In *Doe v. Doe* (E.D.N.C. January 5, 2023), this Court used five factors outlined in *Pub. Citizen* in deciding whether to allow a party to proceed pseudonymously. *Pub. Citizen,* 749 F.3d at 273; *Doe v. Doe,* at *1 (E.D.N.C. 2023). The five factors considered are: (1) the justification asserted by the requesting party and whether it is to "preserve privacy in a matter of sensitive and highly personal nature" or "merely to avoid the annoyance and criticism that may attend any litigation"; (2) "risk of retaliatory physical or mental harm" because of identification; (3) the age of the party; (4) "whether the action is against a governmental or private party"; and (5) "the risk of unfairness to the opposing party[.]" *Pub. Citizen*, 749 F.3d at 273 (quotation omitted); *see James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

At to the first factor, Plaintiff is requesting to use a pseudonym to preserve his privacy in a matter of sensitive and highly personal nature, in that the circumstances of his claim involves multiple sexual assaults of Plaintiff, and the factual allegations describes those assaults in detail. (D.E. 1)

Under the second factor, Plaintiff notes in his complaint the actual retaliatory acts, electronic harassment, and mental harm done to the named plaintiff in the pending connected case of *Locke v. NCSU et al* (5:22-cv-344-FL (E.D.N.C.)). (D.E.

2

1) Plaintiff reasonably anticipates harassment and retaliation similar to that which Mr. Locke has endured if he was to file under his own name and potentially raise the ire of North Carolina State University fans and supporters nationwide, and even worldwide. Plaintiff additionally anticipates that the allegations in *Locke*, and in the associated case *John Doe v. NCSU* (5:23-cv-44-FL (E.D.N.C.) which are substantially similar to his own, have already been widely circulated and have evoked passionate scrutiny in the media, in online forums, and throughout the higher education community and sports world.

Plaintiff is over the age of 18 and does not contend that his relative youthfulness makes him particularly vulnerable in this request to proceed as John Doe under the third *Pub. Citizen* factor.

The fourth factor considers whether the action is against a governmental or private party. The sole defendant in Plaintiff's claim is North Carolina State University, a North Carolina governmental entity and the largest campus of the University of North Carolina System. When a plaintiff challenges the government, courts are more likely to allow him or her to proceed under a pseudonym. *See Va. Polytechnic Inst. & State Univ.*, 2022 WL 976629, at *3.

The fifth factor requires the consideration of potential prejudice or unfairness to Defendant North Carolina State University. Permitting Plaintiff to use a pseudonym will further the University's stated interest in maintaining confidentiality

of disciplinary proceedings, particularly in the context of investigations into charges of sexual harassment. The actual name of Plaintiff John Doe, in the aforementioned *Doe v. NCSU*, was disclosed to Defendant's counsel immediately upon their request pursuant to an agreement to maintain it as confidential.

Additionally, because the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Doe*, at *2 (quoting *Pub. Citizen*, 749 F.3d at 274). Plaintiff's name has thus far been kept confidential. The public's inevitable interest in the litigation and any alleged wrongs committed by the University is not furthered by requiring Plaintiff to disclose his identity. In fact, it is standard procedure for media outlets not to disclose the names of sexual assault victims without their express consent. Over the many years of the media's implementation of that standard, it is fair to say the public has come to expect non-disclosure of sexual assault victim names in the media. Furthermore, Plaintiff contends the public has become familiar with necessity of "John Doe" parties in the many similar cases of this nature in which John or Jane Doe plaintiffs have sued a university after being sexually assaulted by a university employee and in other cases

4

Case 5:23-cv-00216-M   Document 6   Filed 04/21/23   Page 4 of 7

with a sexual assault component. See also, *Doe v. Wake Forest Univ.*, 1:23-CV-00114 (M.D.N.C. Feb 27, 2023); *Doe v. Doe*, 5:22-CV-500-D-BM (E.D.N.C. Jan 05, 2023); *Doe v. The Ohio State Univ.*, 21-4121 (6th Cir. Dec 16, 2022); *Does v. The Ohio State Univ.*, 21-4109 (6th Cir. Dec 16, 2022) (multiple John and Jane Doe parties); and *Doe v. Mich. State Univ.*, No. 20-1043 (6th Cir. Feb 25, 2021).

Finally, if Plaintiff John Doe 2 is required to disclose his name to the public, the likelihood that he will choose to seek redress in the courts for the harm alleged to have been done to him by North Carolina State University will be vastly diminished, effectively denying him an avenue to seek redress for wrongs done to him through the courts of the land.

I certify that on April 21, 2023, I sought concurrence with this motion from counsel for Defendant NCSU, and that concurrence was not given.

## Conclusion

For the foregoing reasons, Plaintiff John Doe 2 requests this Court to undertake the analysis of the five factors above, as it very recently did in *Doe v. Doe*, and allow Plaintiff to proceed under the pseudonym "John Doe 2" in this matter.

Respectfully submitted, this 21st day of April, 2023.

                                                                    KERSTIN WALKER SUTTON PLLC

                                                                    */s/ Kerstin W. Sutton*
                                                                    Kerstin W. Sutton
                                                                    Counsel for the Plaintiff

                                                                   3215 Deerchase Wynd
                                                                   Durham, NC 27712-3020
                                                                   (919) 698-9555
                                                                   kws@kwsutton.com
                                                                   NC 30008

**CERTIFICATE OF SERVICE**

I certify that on April 21, 2023, I caused a true and correct copy of the foregoing Memorandum in Support of Motion Seeking Leave to Proceed Anonymously to be filed through the ECM/CF system to be served upon Defendant's counsel.

Respectfully submitted, this 21st day of April, 2023.

KERSTIN WALKER SUTTON PLLC

*/s/ Kerstin W. Sutton*
Kerstin W. Sutton
Counsel for the Plaintiff
